**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-02335-MSK-KLM

OMAR KALIL HASSAN,

    Plaintiff,

v.

MACHELLE WILLIBY, in her individual capacity; and
LISA CALCAMUGGIO, in her individual capacity,

    Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

COMES NOW, Defendants Machelle Williby (hereinafter "Defendant Williby") and Lisa Calcamuggio (hereinafter "Defendant Calcamuggio"), by and through their respective undersigned counsel of record, and hereby answer and respond to Plaintiff's Complaint and Jury Demand [Doc. No. 1] ("Complaint") as follows:

### ANSWER TO COMPLAINT

1. Defendants admit the allegations and averments contained in paragraphs 1, 2, 5, 7, 9, 15, 37, 43, 51, and 64 of the Complaint.

2. Defendants deny the allegations and averments contained in the introductory paragraph and paragraphs 11, 12, 13, 14, 18, 19, 20, 21, 22, 23, 24, 25, 28, 31, 33, 34, 35, 40, 41, 42, 46, 47, 48, 49, 54, 55, 56, 57, 58, 59, 60, 61, 62, 67, 68, 69, 70, 71, 72, 73, 78, 79, 80, 81, 82, 83, 84, 85, and 86 of the Complaint.

3. Paragraphs 36, 50, 63, and 74 of the Complaint are incorporation paragraphs requiring no response. To the extent any response is required, Defendants incorporate by reference

their responses to the allegations and averments contained in the Complaint, as though fully set forth herein.

4. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and averments contained in paragraphs 4, 26, 27, 29, 30, 32, and 77 of the Complaint, and therefore deny the same.

5. Paragraphs 38, 39, 44, 45, 52, 53, 65, 66, 75, and 76 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations and averments contained in Paragraphs 38, 39, 44, 45, 52, 53, 65, 66, 75, and 76 of the Complaint.

6. With respect to the allegations and averments contained in paragraph 3 of the Complaint, Defendants, upon information and belief, admit the same.

7. With respect to the allegations and averments contained in paragraph 6 of the Complaint, Defendants admit only that Defendant Calcamuggio was an Aurora Police Officer at all relevant times; that Defendant Calcamuggio is a resident of, and domiciled in, the State of Colorado; at all relevant times was acting under color of state law as a law enforcement officer for Aurora, Colorado; and Defendant Calcamuggio is being sued in her individual capacity. Defendants deny the remaining allegations and averments contained in paragraph 6 of the Complaint.

8. With respect to the allegations and averments contained in paragraph 8 of the Complaint, Defendants admit only that Mr. Hassan was dressed in a hooded sweatshirt. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and averments contained in paragraph 8 of the Complaint, and therefore deny the same.

9.      With respect to the allegations and averments contained in paragraph 10 of the Complaint, Defendants admit only that Mr. Hassan purchased a muffin. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and averments contained in paragraph 10 of the Complaint, and therefore deny the same.

10.     With respect to the allegations and averments contained in paragraph 16 of the Complaint, Defendants admit only that Defendants approached Mr. Hassan's table to speak to him. Defendants deny the remaining allegations and averments contained in paragraph 16 of the Complaint.

11.     With respect to the allegations and averments contained in paragraph 17 of the Complaint, Defendants admit only that Defendant Williby stood near the table Mr. Hassan was seated at and Defendant Calcamuggio stood behind Defendant Williby. Defendants deny the remaining allegations and averments contained in paragraph 17 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

The Prayer for Relief in the Complaint contains no allegations or averments against Defendants Williby and Calcamuggio, and therefore no response is required. To the extent a response is required, Defendants Williby and Calcamuggio deny the allegations and averments contained in the Prayer for Relief in the Complaint.

## GENERAL DENIAL

Defendants Williby and Calcamuggio deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a valid claim upon which relief may be granted.

2.      Plaintiff has failed to reasonably mitigate his damages, if any, and has failed to

exercise due diligence in an effort to mitigate his damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

3. Plaintiff's injuries, damages and losses, if any, are the result of Plaintiff's own unlawful and intentional and/or negligent conduct.

4. Defendants Williby and Calcamuggio, in their individual capacities, are entitled to qualified immunity as their actions did not violate Plaintiff's clearly established statutory or constitutional rights. Defendants' actions were at all times undertaken with a good faith belief in the lawfulness of their actions and such actions were objectively reasonable under the circumstances with which they were confronted.

5. Defendants Williby and Calcamuggio, were at all times properly exercising their public duties pursuant to C.R.S. § 18-1-701.  Further, Defendants were properly exercising their police powers and authority vested in them by virtue of C.R.S. §§ 16-3-101, 16-3-102, 16-3-103 and C.R.S. § 18-1-707.

6. Plaintiff's damages, if any, were not approximately caused by any act or omission of Defendant Williby or Defendant Calcamuggio.

7. Plaintiff's damages, if any, are not to the extent and nature as alleged by the Plaintiff.

8. At all times material, Plaintiff was accorded all rights, privileges and immunities guaranteed him by the Constitution and laws of the United States of America.

9. Defendants Williby and Calcamuggio's actions were at all times legally privileged and authorized.

10. Plaintiff's claims against Defendants Williby and Calcamuggio are substantially frivolous and groundless, entitling Defendants to recover their reasonable expenses, including

attorneys' fees, pursuant to 42 U.S.C. §1988 and Fed. R. Civ. P. Rule 11.

11.     Defendants Williby and Calcamuggio reserve the right to assert any and all additional affirmative defenses, and to amend this pleading as additional defenses arise as the result of discovery in this matter.

## JURY DEMAND

Defendants Williby and Calcamuggio hereby demand that this case be tried to a jury pursuant to Fed. R. Civ. P. 38.

Dated this 4th day of December, 2017.

*s/David M. Goddard*
David M. Goddard
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 4300
Denver, CO  80202
Telephone: 303-831-1099
Facsimile: 303-831-1088
dgoddard@brunolawyers.com
*Attorney for Defendant Lisa Calcamuggio*


*s/ Jonathan M. Abramson*
Jonathan M. Abramson
Jordan C. Lubeck
KISSINGER & FELLMAN, P.C.
Ptarmigan Place, Suite 900
3773 Cherry Creek North Drive
Denver, CO 80209
Telephone: 303-320-6100
Facsimile: 303-327-8601
jonathan@kandf.com
jordan@kandf.com
*Attorneys for Defendant Machelle Williby*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 4th day of December, 2017, I electronically filed the foregoing **DEFENDANTS' ANSWER TO PLAINTIFFS COMPLAINT AND JURY DEMAND** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Rebecca T. Wallace
Arash Jahanian
American Civil Liberties Union
Foundation of Colorado
303 E. 17th Avenue, Suite 350
Denver, CO 80203-1256
rtwallace@aclu-co.org
ajahanian@aclu-co.org
*Attorneys for Plaintiff*

 

                                                *s/ Julie Bozeman*
                                                Julie Bozeman, Paralegal
                                                Bruno, Colin & Lowe, P.C.